### PARLIAMENT LOAN CORP. v. COWART BROS.

Circuit Court, Duval County, Civil Appeal.

February 11, 1955.

Robert E. Hucker, Jacksonville, for appellant.

Judson Freeman, Jacksonville, for appellee.

W. A. STANLY, Circuit Judge.

This cause came on to be heard pursuant to notice on appeal from the small claims court for this county, and the court having heard the argument of counsel and having carefully considered the file, finds—

That on September 3, 1949 James Willis and Marjorie Willis, his wife, executed their note and assignment of wages therefor to plaintiff. Thereafter, on May 28, 1954, plaintiff served on defendant (as the then-employer of James Willis) a copy of the wage assignment and a verified statement of the balance due plaintiff by Willis—all as provided under section 516.17 of the Florida Statutes prior to the 1953 amendment of that section.

That at its 1953 session the legislature enacted chapter 28011, amending section 516.17 so as to omit therefrom the provisions authorizing the service of wage assignments on employers, which amendment became effective on May 19, 1953, a date subsequent to the execution of the wage assignment by Willis but prior to the date upon which notice thereof was served upon the defendant, Cowart Brothers.

That chapter 28011 contained the following saving clause—"* * * provided nothing in this Act shall be construed to affect the rights of creditors relating to loans existent prior to the effective date hereof."

That on July 22, 1954 plaintiff filed suit against defendant in the small claims court seeking to recover, in reliance upon the wage assignment served on the defendant, 10% of all wages paid by defendant to Willis subsequent to May 28, 1954. The small claims court ruled the complaint failed to state a cause of action, entered final judgment for defendant, and plaintiff appealed.

Plaintiff's counsel contends that the wage assignment when delivered to plaintiff on September 3, 1949 vested in plaintiff a *right* which existed in plaintiff until the loan should be repaid in full, which right was not affected by the enactment of chapter 28011 by reason of the saving clause therein, as above recited. The court below and defendant's counsel take the position that the wage assignment merely gave plaintiff an additional *remedy* for the collection of the loan made to Willis, which remedy plaintiff could use or not, at its option, and that until such time as plaintiff elected to make use of such remedy by serving the same upon Willis' employer, the defendant, there were no rights created thereby in plaintiff, as against this defendant.

The question presented is whether the wage assignment, when executed by Willis, established in plaintiff a substantive right— or merely created a remedy for the collection of a debt. If it in fact created upon its execution a vested right, forming a part of the obligation of the contract between Willis and plaintiff, then clearly such right could not be affected by the later repeal of the statute, on either general constitutional principles, or by reason of the plain terms of the repealing statute, or both. On the other hand, if the wage assignment was only an additional cumulative remedy provided by statute for the collection of a debt, which remedy the holder had not elected to exercise prior to the repeal thereof, then such remedy would be extinguished by the repealing Act—for the legislature, having created the remedy, could likewise take it away.

On general legal principles, as well as the pronouncements found in National Bank of Jacksonville v. Williams (Fla. 1896), 20 So. 931, it is the view of this court that the wage assignment authorized under the provisions of section 516.17 (prior to its amendment in 1953) created only an additional remedy for the collection of a debt, and was no part of the primary contract between the borrower, Willis, and the plaintiff loan company. Without such wage assignment the debtor, Willis, was still bound to pay the creditor loan company—just as he was had there been no statutory provision for a wage assignment. The creditor loan company had then (and still has) the same common law remedies to enforce the collection of the debt. The statute providing for a wage assignment did not take away any remedy that existed under the common law, but merely added another by establishing a lien upon the borrower's wages, in case the lender saw fit to enforce it, which lien did not grow out of the contract, but depended entirely upon the statute for its existence. Such wage assignment being but a means of enforcing the payment of the debt arising from the execution of the promissory note, and this being a remedy given by law, and not being of the essence of the contract, was entirely within the control of the law making power by whose authority it was given life. It has been held in numerous cases that the right to a particular remedy is not a vested right (see cases cited in National Bank v. Williams, supra).

In the instant case, the plaintiff loan company did not elect to make use of the remedy given by the wage assignment before such remedy was eliminated by the legislature in enacting chapter 28011. Accordingly, plaintiff acquired no substantive rights as against the defendant employer, Cowart Brothers. It is the opinion

of the court that the use of the word "right" in the saving clause of chapter 28011 meant a substantive right as distinguished from a remedy, and that it was not the intention of the legislature that such remedy, when omitted from the section after its revision in 1953, should still remain in force. Affirmed, the costs of the appeal taxed to plaintiff.